```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTIAN COLAVITA            :    CIVIL ACTION
                              :
          v.                  :
                              :
COMMONWEALTH OF               :
PENNSYLVANIA, et al.          :    NO. 08-3557
```

ORDER

AND NOW, this 5th day of March, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1) and the Commonwealth of Pennsylvania's response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Docket No. 25), to which no objections have been received, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED without prejudice, based on the petitioner's failure to properly exhaust state remedies.

3. There is no basis for the issuance of a certificate of appealability.

Colavita claims that he has been denied the right to bail pending the appeal of his state Post-Conviction Relief Act ("PCRA") petition in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He asks this Court

to vacate the Supreme Court of Pennsylvania's order denying his request for bail, to remand the matter to the Court of Common Pleas of Philadelphia County for a hearing on his request for bail, or to reinstate a previous order of the Court of Common Pleas granting him bail.  The Court will dismiss Colavita's claims without prejudice, and deny the relief requested, because the claims have not properly been exhausted.

The Court acknowledges that Colavita previously filed with the Supreme Court of Pennsylvania a "Petition for Extraordinary Relief," in which he asked that court to grant him bail pending the appeal of his PCRA petition.  Although the Supreme Court of Pennsylvania denied Colavita's Petition for Extraordinary Relief - which did not mention either the Eighth or the Fourteenth Amendment - this fact does not establish that his federal claims, as such, were "fairly presented" to and ruled upon by Pennsylvania courts, as required by 28 U.S.C. § 2254.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).[1]

As explained by Judge Rice in his report and recommendation, the petitioner did not, in his Petition for

---

[1] The Court agrees with Judge Rice that Colavita's Petition for Extraordinary Relief did not raise federal claims as such, but rather, merely asked for bail pending appeal, arguing that such relief was appropriate as a matter of Pennsylvania law.  See Petition for Extraordinary Relief, attached as Ex. E to Petition for Writ of Habeas Corpus.

Extraordinary Relief to the state Supreme Court or in his PCRA petition, advance the claims he now raises in his federal habeas petition - namely, that denial of bail without a hearing violates his rights under the United States Constitution.  See Report and Recommendation of Magistrate Judge Timothy J. Rice at 8, Feb. 4, 2008.  Colavita thus has not provided the state courts a "full opportunity" to first address his federal constitutional claims under the Eighth and Fourteenth Amendments.  See O'Sullivan, 526 U.S. at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  His claims are unexhausted, and the Court will deny and dismiss Colavita's petition without prejudice to refile once he has exhausted all available state remedies.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.